### OHIO TRACTION CO v HUWE

Ohio Appeals, 1st Dist, Hamilton Co

Decided July 6, 1931

Joseph B. Wilby, Cincinnati, and Messrs. Taft, Stettinius & Hollister, Cincinnati, for plaintiff.

Robert N. Gorman, prosecuting attorney, Cincinnati, and Leonard H. Freiberg, Cincinnati, for defendant.

HAMILTON, J.

In support of the demurrer the plaintiff relies on the claim that the assessment is contrary to and in violation of §6 of Article VIII of the Constitution of the State of Ohio.

Sec 6, Article VIII, of the Constitution of Ohio, provides, in part: "No laws shall be passed authorizing any county, city, town or township, by vote of its citizens, or otherwise, to become a stockholder in any joint stock company, corporation, or association whatever; or to raise money for, or to loan its credit to, or in aid of, any such company, corporation, or association."

The proceeding by the commissioners in making the improvement and assessing the costs under the provisions of §6956, GC, is challenged. The pertinent part of the section is as follows: "Whenever a road or street is improved where a street or interurban or other railroad or railway lies within the improved portion of the roadway, such railroad or railway grade shall in all respects be changed to meet the approval of the county surveyor * * * and costs of such change of grade be paid by such company under the law or by the terms of its franchise or grant, shall be a lien upon the property of such company and the proper authorities may provide for the payment of the amount chargeable against said com-

pany under the law or by the terms of its franchise or grant, in installments as in the case of other property owners, and such installments shall bear interest as in other cases, and the board of county commissioners or other authorities may issue bonds in anticipation of the collection of said installments."

If the entire proceeding is invalid as contravening §6 of Article VIII of the Constitution of Ohio, then the demurrer should be sustained. To so hold, however, would be to hold §6956, GC, and any proceeding thereunder, violative of §6 of Article VIII of the Constitution.

The franchise under which the plaintiff traction company operated, and holds by lease assignment, provided:

"Should council at any time during the continuance of this grant, or its renewal, change the grade of said streets, the said company shall raise or lower its tracks to conform the same to the new grades, entirely at its own expense within the period of ten days after the change in the grade of said streets shall have been made. Wherever the pavement of street surface is disturbed by the construction, repair, or maintenance of the tracks herein authorized, the same shall be restored to like conditions as before disturbed, by the company, at its own expense, keeping the dirt and macadam separate, and filling in the dirt first, and the macadam last, the same to be done to the satisfaction of council and the village engineer. The said company shall pay the charge of the village engineer for giving grades and the charge of the village solicitor for proving the consents. * * *

"Said company shall at all times keep the street between its tracks and for a space of eighteen inches on either side of the same, in good repair to the satisfaction of the village council.

"Section VI. In case said village shall at any time pave said street or avenue on which said railroad is constructed, with asphaltum, brick, granite block, crushed granite or any other kind of paving said railroad company hereby concedes the right to said village to pave all that portion of the street which is contained between the tracks and also a space eighteen inches outside the outer rails of such tracks with a similar material and at the expense of said railroad company, to be paid for in the same way and on the same terms as the property holders of the village are required to pay * * *."

One of the points claimed is, as alleged in the petition, that this right to have the

paving between the rails and eighteen inches outside is a right which accrues to the village of Wyoming only, and does not pass as a right of the county of Hamilton. The grant of franchise was to the Millcreek Valley Street Railway Company, its successors and assigns. The state by law gave the power to the county commissioners to make the street in question through the village of Wyoming an intercounty highway, and to improve the same through the village of Wyoming, which it did.

Sec 6956, GC, gives the power to charge the company with the change in grade, and the cost of such change of grade shall be paid by such company under the law, or by the terms of its franchise or grant.

In this case, under the terms of its franchise or grant, the company was bound to pay the costs of the paving between the tracks and eighteen inches on either side.

Plaintiff relies on the case of **City of Cincinnati v Harth, 101 Oh St, 344, 128 NE, 263, 13 A.L.R., 308.** In that case Harth, a taxpayer, brought the action to enjoin the delivery to the trustees of the sinking fund of the city of Cincinnati of certain assessment bonds for the improvement of Freeman avenue, by the furnishing of ties, rails, and tracks. In the Harth case the proceeding by council was under §§3812-2 and 3812-3, GC, which authorized such expenditure and improvement by constructing a new roadbed, and laying new rails and ties for the railroad company.

The section referred to specifically provided for such expenditures, and they were sought to be made under the provisions of those sections. The Supreme Court held that the proceeding under these sections was a lending of credit to and in aid of a corporation, and therefore contravened §6 **of Article VIII of the Constitution of Ohio,** and the court affirmed the judgment of the Court of Appeals granting the injunction.

Sec 6956, GC, does not provide for the reconstruction of the road by installing new rails and ties and rebuilding of the road, which would be the rebuilding of the property of the railroad company. It only provides that they shall pay for the necessary change of grade, and that the cost of such change shall be paid as determined by the franchise, and such cost shall be a lien on the property of the company, and provides that it may be paid for in installments.

We are of opinion that the Harth case has no application to the present question under consideration.

We do find a principle announced in the case of **City of Newark v Fromholtz, 102 Oh St, 81, 130 NE 561, 562,** which is illuminating. The fourth paragraph of the syllabus is as follows: "When an electric railway company, exercising an easement in a city street about to be repaved and being liable by law and under the terms of its franchise for the cost of paving the part occupied by it, proposes that the city pave the railway's part along with the remainder of the street, agreeing to pay its proper proportion thereof, including the preliminary cost of surveys, etc., upon the same terms as special assessments against abutting property are made payable, the city may accept such proposal and proceed accordingly. Such action is not violative of §6, **Article VIII of the Constitution of Ohio.**"

One of the facts set up in the answer is to the effect that the company not only agreed that the county should proceed with the improvement, the replacing of the tracks, and changing of the grade, etc., but requested it so to do.

The court in the course of the opinion in the Fromholz case said, at **page 93 of 102 Oh St, 130 NE 561, 565:**

"The street to be paved is under the control of the city. The electric railway company has a right of user, which is joint, but not exclusive. The city owes a duty to the public to keep the streets in proper repair, and, having determined to pave a certain street, is obligated to the public to pave it in its entirety, or all of it that is included within the boundaries covered by such determination."

While it is true the village of Wyoming in the instant case was not making the improvement directly, by its consent, authorization, and authority of law, the street was being improved by the county commissioners, which in effect was the action of the village of Wyoming. The village of Wyoming owed the duty to the public to keep its street in proper repair. This it did by the work of the county commissioners.

Continuing, the court in its opinion in the Fromholz case, says: "The fact that a railway company with its tracks occupies a part of the area, and that the law and the provisions of the franchise obligate the railway company to pave the part occupied by it does not in any way relieve the city of its obligations to the public. * * *

"In this case the easement of the railway company, so far as it relates to the payment of its proportionate share of the costs of the improvement is, by and with the consent of the railway company, placed in a relationship similar to that of abutting property. An arrangement of this nature is not

in conflict with §6, **Article VIII of the Constitution of Ohio,** because the primary obligation to build this part of the improvement rests with the city, the same as does the building of any other part."

These considerations lead us to the conclusion that §6956, **GC,** in itself does not contravene §6 **of Article VIII of the Constitution of Ohio.**

The answer, in so far as it relates to the furnishing of new cross-ties and rails and a new foundation for and on behalf of the company, sets up no facts as a defense to the petition, for the reason that such expenditure would be a lending of credit to a corporation, in violation of §6, **Article VIII, of the Constitution of Ohio.**

The cost of changing the tracks to conform to the grade established and the cost of paving the same between the rails and for eighteen inches outside thereof is a proper item of assessment under the terms of the franchise. We will, therefore, strike from the fourth defense of the amended answer, and eliminate therefrom, all allegations with reference to the cost of furnishing new rails and ties and foundation for the tracks, and with these allegations eliminated from the answer the demurrer will be overruled, and an issue may be made as to the amount strictly chargeable to the cost of conformation of the tracks to the change of grade and the paving between the tracks and for eighteen inches outside thereof.

Leave is granted for further pleadings on this issue if desired.

The case will be later assigned for evidence on the question of the amount of the assessable charges, as herein indicated.

Decree accordingly.

ROSS, PJ, and CUSHING, J, concur.